**Vern H. Tindall, as Administrator of the Estate of Faye C. Tindall and Vern H. Tindall, Individually, Plaintiffs-Appellants, v. The Farmers Automobile Management Corporation, a Corporation, Defendant-Appellee.**

**Gen. No. 66–113.**

Third District.

May 17, 1967.

Gaskins & Sutkowski, of Peoria, for appellants.

McConnell, Kennedy, McConnell & Morris, of Peoria, for appellee.

■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■

STOUDER, P. J.

Appellants, Vern Tindall individually and as administrator of the estate of Faye Tindall, commenced this action for a declaratory judgment in the Circuit Court of Peoria County seeking a construction of and declaration of rights under an insurance policy issued by Appellee, Farmers Automobile Management Corporation. Appellee moved to dismiss the complaint on the grounds that the complaint failed to state a cause of action. The trial court granted the motion, dismissed the complaint and this appeal follows.

The complaint alleges that on July 4, 1963, Mr. and Mrs. Vern Tindall were passengers in an automobile owned and operated by Martin Boedecker, Mrs. Boedecker also being a passenger in the automobile. A collision occurred between the Boedecker automobile and one operated by John White, an uninsured motorist. As a result of the collision Mrs. Tindall was killed and the other occupants of the Boedecker automobile sustained serious injuries. At the time of the collision Allstate Insurance Company, not herein involved, insured Martin Boedecker as owner of the car involved, the policy containing an uninsured motorist provision with limits of $10,000 per person and $20,000 per incident. Claims were made by the Boedeckers and Appellants against Allstate under the uninsured motorist provision of such policy resulting in payment of the maximum limit of the Allstate policy of which $9,500 was paid to the Boedeckers and $10,500 to Appellants. At the time of the collision, Vern Tindall, one of the Appellants, was insured by Appellee, the policy of insurance including an uninsured motorist provision with limits of $10/$20,000. Claims were made by Appellants against Appellee for the difference between the limits of coverage afforded by Appellee's policy and the amounts which Appellants had received from the Allstate policy. These claims were denied by Appellee. Appellants filed suit in the Circuit

166

Court of Peoria County against John White, the uninsured motorist, in order to prevent the bar of the statute of limitations which action is still pending. The instant action was instituted seeking a declaration that coverage is afforded under the uninsured motorist provision of Appellee's policy.

The provision of Appellee's policy under consideration is as follows, "With respect to bodily injury to an insured while occupying an automobile not owned by a named insured . . . the insurance hereunder shall apply only as excess insurance over any similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of Part IV ($10/$20,000) exceeds the sum of the applicable limits of all such other insurance." The trial court concluded that on the basis of the facts and the policy provisions no coverage was afforded by the policy issued by Appellee.

In seeking a reversal of the order of the trial court, Appellants contend that the language of the policy and paragraph 755(a) (§ 143a) of chap 73, Ill Rev Stats, (Ill Ins Code), require a construction of the uninsured motorist provision contrary to that adopted by the trial court. We are not presented with the usual problem of determining which of two insurance policies furnishes primary coverage. It is undisputed that the policy of Allstate provided the primary coverage and that Allstate has paid its maximum obligation under such policy. We are confronted with a problem which arises from the relationship of two insurance policies since the provision under consideration in specific terms, refers to other similar insurance.

■ ■ By adopting legislation concerning the financial responsibility of motorists the legislature has shown its concern for the economic hardships arising from damages caused by financially irresponsible motorists. Chapter 7 of chapter 95½, Ill Rev Stats (1965) (Financial

167

Responsibility Act), requires that after a motor vehicle mishap has occurred the parties involved must show some degree of financial responsibility such as liability insurance in the minimum amounts of $10/$20,000. Failure to meet the minimum financial responsibility requirement results in loss or suspension of operating or ownership privileges. Thus it can be seen that there are certain areas or gaps the results of which would impose serious financial hardship on innocent victims of automobile collisions. To protect persons from the risks and hazards beyond the scope of the Financial Responsibility Act, uninsured motorist protection has developed, indemnifying against loss or damage caused by an uninsured motorist. Paragraph 755(a) (§ 143a) of chap 73, Ill Rev Stats (Ill Ins Code), requires that liability insurance policies include uninsured motorist protection unless such coverage is rejected by the insured, the minimum limits of such coverage being as established by the Financial Responsibility Act. Such provision is designed to promote and encourage protection complementary to that afforded by the Financial Responsibility Act, thereby affording coverage to the same extent as would have been in effect if the tort feasor had complied with the minimum requirements of the Financial Responsibility Act. Chandler v. Government Employees Ins. Co., 342 F2d 420; Maryland Cas. Co. v. Howe, 106 NH 422, 213 A2d 420 and Garcia v. Motor Vehicle Acc. Indemnification Corp., 18 App Div2d 62, 238 NYS2d 195. Thus we find no support for Appellants' assertion that the policy provision is violative of the statute i. e., paragraph 755 (a) (§ 143a) of chap 73, Ill Rev Stats (Ill Ins Code).

In Vignali v. Farmers Equitable Ins. Co., 71 Ill App2d 114, 216 NE2d 827, the court considered a provision similar to that in the instant case, the difference in facts being that in Vignali the individual claim of Plaintiff exceeded $10,000, the maximum limit for damages per person in each of the policies. Since the limits of

the policies were the same, the court concluded that the primary coverage of $10,000 was similar available insurance and hence the excess coverage provision, the same as in the instant case, did not afford any coverage. We perceive no difference in the facts justifying the application of a different principle or result. That the same principle is applicable to both factual situations is recognized in the case most heavily relied upon by Appellants, namely, Bryant v. State Farm Mut. Automobile Ins. Co., 205 Va 897, 140 SE2d 817. The Bryant case, which involved a single claim in excess of the limits relative thereto, reversed the case of Travelers Indemnity Co. of Hartford, Connecticut v. Wells, 316 F2d 770, which involved claims in excess of the limitation on total claims from the same collision. In Wells, the court concluded that a provision such as in the instant case, which related excess coverage to the limits of coverage afforded by other policies, violated the Virginia state statute and hence such purported limitation of excess coverage was void.

That the primary coverage may be exhausted or insufficient to compensate fully for the damages sustained is not a sufficient basis for disregarding the language or limitation of the provision concerning other insurance coverage. Chandler v. Government Employees Ins. Co., 342 F2d 420 and Grunfeld v. Pacific Automobile Ins. Co., 232 Cal App2d 4, 42 Cal Rptr 516. Appellants are in the same position as they would have occupied had the tort feasor owned a policy with the minimum coverage required under the Financial Responsibility Act. Under the circumstances the trial court properly found that no coverage was afforded by Appellee's policy.

Finding no error in the judgment of the Circuit Court of Peoria County, judgment is affirmed.

Judgment affirmed.

ALLOY and CORYN, JJ., concur.