112 N.J. Super. 570 (1970)
272 A.2d 298
MARILYN EXUM, PLAINTIFF,
v.
WILSON MARROW AND MARILYN McNAIR, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 23, 1970.
*572 Mr. George D. Rosenthal for plaintiff. (Messrs. Nussman, Kaplan, Rosenthal & Rubinowitz, attorneys.)
Mr. Charles J. Kahwaty for defendant Wilson Marrow.
CRANE, A.J.S.C.
This is an action to recover for personal injuries plaintiff claims to have received while she was a passenger in an automobile operated by defendant Marilyn L. McNair which allegedly collided with an automobile operated by defendant Wilson Marrow.
Since he was not insured, the Unsatisfied Claim and Judgment Fund of the State of New Jersey (hereinafter called the Fund) filed an answer on behalf of Marrow. The Fund now moves for an order declaring that plaintiff is barred from recovering against the Fund because of the existence of an uninsured motorist coverage endorsement in a policy of insurance issued to defendant McNair by Home Indemnity Company. The endorsement provides in part as follows:
UNINSURED MOTORISTS COVERAGE (Damages for Bodily Injury and Property Damage Caused by Uninsured Highway Vehicles)
The Company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

* * * * * * * *
PERSONS INSURED
Each of the following is an insured under this insurance to the extent set forth below:
*573 (a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either;
(b) any other person while occupying an insured highway vehicle; * * *
The Motor Vehicle Security Responsibility Law, N.J.S.A. 39:6-23 et seq., established a system to provide compensation for damages caused by the operation of uninsured motor vehicles. Among other things, the statute created the Fund, N.J.S.A. 39:6-63, and defined the class of persons ("qualified person") who may make application for payment from the Fund. N.J.S.A. 39:6-62.
The kind of coverage provided for in the endorsement issued to defendant McNair is relatively new in New Jersey. Such coverage is permitted to be included in policies of automobile liability insurance by a recent amendment (effective January 2, 1969) of N.J.S.A. 17:28-1 in the following language:
* * * Any policy of automobile liability insurance may also contain a provision for payment of part or all sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, or because of damage to property, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile.
N.J.S.A. 39:6-70(l) requires an applicant for payment from the Fund to show that he is not acting on behalf of an insurer. This subsection, however, is directed to situations in which there exists a policy of insurance "whereby the insurer is liable to pay, in whole or in part, the amount of the judgment." It has no applicability to this case since the policy in question does not undertake to pay a judgment. It undertakes to pay only such sums as have been determined by agreement or by arbitration. Feliciano v. Oglesby, 102 N.J. Super. 378, 388 (Law Div. 1968).
*574 Since the decision in the Feliciano case, N.J.S.A. 39:6-62 was amended (effective January 2, 1969) to exclude from the definition of "qualified person" one who "is an insured under a policy provision providing coverage for damages sustained by the insured as a result of the operation of an uninsured motor vehicle in a form authorized to be included in automobile liabilty policies * * * or issued for delivery in this State, pursuant to the provisions of, or any supplement to, chapter 28 of Title 17 of the Revised Statutes (17:28-1 et seq.) or in a form substantially similar thereto."
It appears to have been the plain intendment of the amendments of N.J.S.A. 39:6-62 and N.J.S.A. 17:28-1 to relieve the Fund of some of the financial burdens relating to claims against uninsured motorists. The device chosen was to permit the issuance of uninsured motorists coverage endorsements of the kind encountered in this case.
Plaintiff argues that there are significant differences in the benefits obtainable from the Fund as compared with those provided for under the uninsured motorists coverage endorsement. Specifically, she complains that because of the fortuitous fact that the owner of the vehicle in which she was riding obtained a policy containing an uninsured motorists coverage endorsement she is deprived of an opportunity to have her damages assessed by a jury as compared to agreement with an insurer or failing that, compulsory arbitration which is the method provided under the endorsement. It is argued that enactment of the amendment to N.J.S.A. 39:6-62 has created two classes of persons without a reasonable basis and has thus violated the due process and equal protection clauses of the United States Constitution. U.S. Const., Amend. XIV.
The issue of constitutionality of a statute is approached with a view to the well-recognized presumption of validity, WHYY, Inc. v. Glassboro, 50 N.J. 6, 13 (1967), and the principle that a legislative act will not be declared void unless its repugnancy to the Constitution is *575 clear beyond a reasonable doubt. Gangemi v. Berry, 25 N.J. 1, 10 (1957). Fundamentally, the constitutional requirement of equal protection is that persons within a class be treated in a like or similar manner. Guill v. Mayor, etc. Hoboken, 21 N.J. 574 (1956). However, neither "abstract symmetry" nor "mathematical nicety" is required. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78-82, 31 S.Ct. 337, 55 L.Ed. 369 (1911).
The legislative purpose in establishing the Fund was to provide a measure of relief to persons who sustain losses or injury inflicted by financially irresponsible or unidentified operators of motor vehicles, where such persons would otherwise be remediless. Corrigan v. Gassert, 27 N.J. 227 (1958), Dixon v. Gassert, 26 N.J. 1 (1958). Undoubtedly the Legislature intended to exclude persons who have other remedies available. Licata v. Lutz, 48 N.J. 255 (1966). The legislation under consideration, namely, the amendment to N.J.S.A. 39:6-62, has a similar purpose.
Plaintiff understandably does not claim that she is deprived of a right to trial by jury. She may, of course, if she chooses, pursue the uninsured defendant personally in this litigation. Whether a judgment against Marrow would be collectible is difficult to say. The Motor Vehicle Security Responsibility Law has never interfered with a plaintiff's right to proceed to judgment against an uninsured driver. But insofar as the Fund is concerned, since plaintiff has a means available (i.e., the endorsement) to recover for her injuries, she is barred from pursuing the Fund. While there may be significant differences in the procedure by which the amounts legally due are determined, it does not follow necessarily that the Legislature has created an unreasonable class. Every classification may produce some degree of inequality; in order, however, to be declared violative of the equal protection clause of the Fourteenth Amendment, the legislation must be actually and palpably unreasonable and arbitrary. Jamouneau v. Harner, 16 N.J. 500, 520 (1954). If the classification has a rational relation *576 to some policy consideration relating to the common welfare, it will satisfy the constitutional test. Guill v. Mayor, etc., Hoboken, supra. The legislation, N.J.S.A. 39:6-23 et seq., as a whole, including the amendment to N.J.S.A. 39:6-62, carries out a rational and reasonable legislative scheme. Classifying those who do have available means of recovering for losses and injuries as ineligible to recover from the Fund, and those who do not have such means as eligible, is not an unreasonable classification in the constitutional sense.
Plaintiff thus falls within that class of persons whom the Legislature intended to bar from recovery against the Fund. The motion will be granted.