120 N.J. Super. 554 (1972)
295 A.2d 375
VANDER McFARLAND, PLAINTIFF,
v.
MOTOR CLUB OF AMERICA INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 29, 1972.
*555 Mr. Charles W. Gabage (Messrs. Shapiro, Brotman, Eisenstat & Capizola) attorney for plaintiff.
Mr. Jerome S. Lieb (Messrs. Lieb, Teich & Berlin) attorney for defendant.
FRANCIS, J.S.C.
Plaintiff Vander McFarland was a passenger in a vehicle owned and operated by Andrew McFarland when that vehicle was involved in a collision with a vehicle owned and operated by Rosa M. Roberts. As a result of the alleged negligent operation of the Roberts vehicle, plaintiff sustained special damages in the approximate amount of $2,530. Rosa M. Robert was uninsured.
*556 Andrew McFarland was insured by Allstate Insurance Co. under an insurance agreement which provided uninsured motorists protection to plaintiff. Allstate paid to plaintiff the $10,000 policy limit, which amount plaintiff alleges was insufficient to fully compensate him for his expenses, personal injuries, pain and suffering.
Plaintiff also carries uninsured motorists protection in his own insurance policy with defendant Motor Club of America. Plaintiff has asserted a claim against Motor Club for whatever amount up to $10,000 by which his total damages exceed the $10,000 policy limit paid to him by Allstate. Assuming plaintiff's damages do exceed the $10,000 already paid him, defendant denies liability therefor. Each party has moved for summary judgment pursuant to R. 4:46-1.
The uninsured motorists protection in the Motor Club policy was offered to plaintiff by legislative mandate. N.J.S.A. 17:28-1.1 reads as follows:
No automobile liability policy or renewal of such policy, of insurance insuring against loss resulting from liability imposed by law for bodily injury or death, sustained by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State * * * unless coverage is offered in connection therewith, in limits for bodily injury or death set forth in [N.J.S.A. 39:6-69] * * * * for payment of all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile, or hit and run automobile * * * because of bodily injury * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured or hit and run automobile * * *
Pursuant to N.J.S.A. 17:28-1.2, plaintiff elected to accept, and therefore received, coverage to the extent of $10,000 for injury or death to one person in one accident with an uninsured motorist.
[*]This section provides for application to the Unsatisfied Claim and Judgment Fund for payment of a judgment in the maximum amount of $10,000 for injury or death to one person in one accident or $20,000 for injury or death to more than one person.
*557 Plaintiff's insurance policy with Motor Club also contains the following clause, which seemingly restricts the uninsured motorists coverage:
Other insurance: With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV (UM) shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. * * *
Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.
Defendant states the second paragraph does not control the case at bar and accordingly confines his argument to the efficacy of the restrictions imposed by the first paragraph. In reference to that paragraph, defendant contends that
* * * the UM insurance which applies to the vehicle claimant is occupying is viewed as primary insurance, so that the claimant's own uninsured motorist endorsement (if any) applies only in the event that its coverage is more extensive than the primary coverage and then only for the amount of such "excess."
Under this construction, Motor Club need only adopt the $10,000 and $20,000 minimums of N.J.S.A. 17:28-1.1 as its maximum coverage offered, in order to escape liability to its insured guest whenever the host-driver has similar coverage. In no instance will the Motor Club coverage be "more extensive" than the "primary coverage." Plaintiff argues that such a restriction is void as against public policy.
I deem the case at bar to be analogous to those cases which have arisen out of the attempts of various insurance *558 companies to restrict the omnibus coverage required by virtue of N.J.S.A. 39:6-46(a). See Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405 (App. Div. 1970), cert. den. 55 N.J. 595 (1970); Willis v. Security Ins. Group, 104 N.J. Super. 410 (Ch. Div. 1968) aff'd 53 N.J. 260 (1969); Newark Ins. Co. v. Concord Ins. Co., 115 N.J. Super. 147 (App. Div 1971); and Unsatisfied Claim & Judgment Fd. Bd. v. Clifton, 117 N.J. Super. 5 (App. Div. 1971).
N.J.S.A. 39:6-46 is that section of the Motor Vehicle Security Responsibility Law which requires all liability insurance policies to provide "omnibus coverage." In pertinent part, it reads:
The policy shall: * * * insure the insured named therein and any other person using or responsible for the use of any such motor vehicle with the express or implied consent of the insured.
An insurer's failure to provide this "omnibus coverage" leaves his customer "uninsured" for the purposes of the Unsatisfied Claim and Judgment Fund Law. N.J.S.A. 39:6-62.
The New Jersey courts have consistently invalidated insurance clauses purporting to restrict the "omnibus coverage." In Willis, supra, the court invalidated a coverage exclusion against individuals driving the insured's automobile with his permission when such individuals had valid and collectible insurance in $10,000/20,000 minimums under their own insurance policies. In Kish, supra, the Appellate Division struck down an exclusionary clause relating to the insured, his spouse or minor children. In Newark, supra, the proviso that the driver be "duly licensed" was stricken. And in Selected Risks Insurance Co. v. Zullo, 48 N.J. 362 (1966) a "scope of permission" clause was stricken.
In each of the above cases the restrictive clause was found to be inconsistent with "omnibus coverage" and was delected. In each case, however, the court presented the same statutory authority for doing so; for example, in Zullo:
*559 When a motorist presents a policy of insurance to the Director of Motor Vehicles in order to obtain the advantages of registering an insured motor vehicle, he is offering "proof of financial responsibility" as these words are used in N.J.S.A. 39:6-46 and 48. A policy so offered must have the broad form omnibus coverage set forth in N.J.S.A. 39:6-46(a). A policy which purports to have a more restrictive omnibus coverage is automatically amended to conform to the statutory standard. N.J.S.A. 39:6-48(b). [at 373]
It is apparent that the Supreme Court relied upon the last-cited statute which specifically states that insurance policies "shall be deemed amended to conform with and to contain all the provisions required by this act." N.J.S.A. 17:28-1.1, the statute involved in the case at bar, contains no parallel authority for striking an insurance policy clause. But the clause in question does deny the insured coverage which the statute says shall be offered. The question which arises is: Can this court, under the rubric of "public policy," and without specific statutory authorization, strike an insurance clause it finds repugnant to a statute?
As pointed out in Hannan v. Employers Commercial Union Ins. Co., 117 N.J. Super. 485, 489 (Law Div. 1971) and Exum v. Marrow, 112 N.J. Super. 570, 574 (Law Div. 1970), the clear intendment of the 1969 amendment to N.J.S.A. 39:6-62 (prohibiting holders of uninsured motorists coverage from proceeding against the Fund) and N.J.S.A. 17:28-1 et seq. (making the offer of such coverage mandatory), is to relieve some of the financial burdens of the Fund. This purpose is, of course, accomplished even by limiting an insured to proceeding against one insurer, as defendant urges. But the more general purpose of the Motor Vehicle Security Responsibility Law, N.J.S.A. 39:6-23 to 60, the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 to 91, and the Motor Vehicle Liability Security Fund Law, N.J.S.A. 39:6-92 to 104, is to provide "victims of automobile accidents with financially responsible people to look to for damages." See Zullo, supra, 48 N.J. at 371. Both policies can be effectuated by allowing plaintiff to collect from the two insurance companies. *560 Referring to the mandatory offer of uninsured motorists coverage, defendant in its brief concedes that:
[M]anifestly, the purpose of the entire program was to insure for an innocent victim of an uninsured motorist that there would be provision for reimbursement to at least the sum of $10,000./20,000. compensation as required in the Financial Responsibility Statute. [Emphasis supplied]
I feel the Motor Club of America policy contains language inconsistent with N.J.S.A. 17:28-1.1. Defendant asks us to declare a forfeiture, contrary to the mandate of the act, to accommodate the insurer. Defendant seeks to confine its insured to a recovery below his asserted loss, which loss is well within the multiple policy limits. The act did not place any such limit on the total amount of recovery from all sources. It could have. Defendant is attempting to supplement the legislation by limiting the insured's relief. I feel N.J.S.A. 17:28-1.1 should be read in pari materia with the Motor Vehicle Security Responsibility Law, the Unsatisfied Claim and Judgment Fund Law and the Motor Vehicle Liability Security Fund Law, the common purpose of which is to provide financially responsible people to look to for damages. Allowing Motor Club of America to engraft this limitation on the statute would mean that in most instances it will have sold their injured insured passenger a nullity.
Lastly, when the Legislature said that insurance companies must provide each insured with uninsured motorist coverage of at least $10,000/20,000 "for payment of all or part of the sums." (emphasis supplied) he would be entitled to, I think they were recognizing the practical fact that damages often exceed even multiple policy limits; I don't think the intention was to open the door for insurance companies to place a ceiling on recoveries. The Legislature could have done that itself.
Viewing this as a matter of construction, there are two cardinal rules to be applied when interpreting insurance *561 contracts. First, ambiguities are resolved in favor of the insured. Bryan Const. Co., Inc. v. Employer's Surplus Lines Ins. Co., 60 N.J. 375, 377 (1972). Second, exclusionary clauses are to be strictly interpreted. Chicago Ins. Co. v. Security Ins. Co. of Hartford, 111 N.J. Super. 291, 295 (App. Div. 1970). Applying those rules to defendant's "other insurance" clause, we can reasonably conclude that here there was no "other similar insurance available" for the alleged amount above $10,000 for which plaintiff remains unrecompensed. (Emphasis supplied). Defendant's "other insurance" clause would then serve only to preclude dual recoveries by forcing the insured to first report to the "primary" company and then to his own insurer for the excess, which would not be "available" from the "primary" company. This is consonant with N.J.S.A. 17:28-1.1, which provides for payments "of all or part of the sums which persons insured * * * shall be legally entitled to recover." (Emphasis supplied).
A review of the decisional law of our sister states indicates that the minority view is represented by Morelock v. Millers' Mutual Ins. Ass'n of Illinois, 49 Ill.2d 234, 274 N.E.2d 1 (Sup. Ct. 1971). The holding there was that the same "other insurance" clause we are now interpreting was valid and was not violative of Illinois public policy. The Illinois counterpart of our N.J.S.A. 17:28-1.1 was so substantially similar as to make the case persuasive indeed.
But the majority view is typified by Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (Sup. Ct. 1970). Again, the "other insurance" clause was identical to ours and the Alabama statute was substantially similar to ours. This is a well written opinion summarizing several cases, most of which make much of the point raised earlier, i.e., that the statute imposes no limit on an insured's recovery for his actual damages; rather, it is the insurance company seeking to do so. This case does not allow the insurer to avoid his statutorily imposed liability *562 with a clause he himself drafted; to do so would subvert public policy in general.
In Morelock, supra, the majority of the court declined to accept the view of the majority of states or the "Oregon Rule." Two Justices dissented, however, referring to a prior dissent in Putnam v. New Amsterdam Casualty Co., 48 Ill.2d 71, 269 N.E. 2d 97 (Sup. Ct. 1970). In the Putnam dissent there is a reference to the remarkable result that arose under a similar situation of dual uninsured motorist coverage. There the host-driver had the required $15,000/30,000 coverage. The passenger had identical limits in the type of policy under consideration here. The court held that although the host driver had exhausted the policy limits for his own injuries there was no coverage under the passenger's own uninsured motorist endorsement, since contractually there was "other similar insurance available at the time of the accident." The possibility of such a construction should be avoided.
The Supreme Court of Alabama, when faced with a similar issue, extensively reviewed the case law of the various states on this point, concluding that the majority view which invalidates the restrictive nature of the coverage of these endorsements was preferable for a number of reasons. In Safeco, supra, the court reasoned that any compulsory motor vehicle insurance act is remedial and should be liberally construed so that the beneficial purposes intended might be accomplished. The Safeco court also reasoned that since the amount of coverage reflected statutory policy which neither explicitly nor implicitly placed limits on the amount a victim might recover, the companies could not contractually do so.
It must be borne in mind the purpose of uninsured motorist insurance is to provide compensation for personal injury to the innocent victim of the uninsured motorist. As to the named insured the coverage is a contract benefit for which he has paid. Here the damage to the insured has been determined and he now seeks indemnity for *563 it. He is not seeking any windfall as a result of his injury but he is seeking full indemnity based on payment of two separate premiums. [243 So.2d at 740]
As noted in Safeco, the opposite result may well be characterized as unconscionable. [At 741] This court notes that the layman insured certainly reasonably expected to receive the benefits of the coverage for which he had paid a premium.
I am convinced that the majority view, as enunciated in Safeco, supra, is the better view.

CONCLUSION
N.J.S.A. 17:28-1.1 sets a minimum recoverable amount but does not limit the total recovery. Defendant's "other insurance" clause should be read only so as to avoid dual recoveries; N.J.S.A. 17:28-1.1 itself states this limitation. Where an insured's loss exceeds the limits of one policy, he may proceed against other available policies. The insurance company is, of course, free to dispute the validity of the asserted claim. But this court will not permit an insurer to escape its statutorily imposed liability by including in its policy a limiting clause which prevents the insured from receiving coverage he has paid for. Insofar as the "other insurance" clause under consideration purports to do so, it is violative of public policy and is invalid.
Defendant's motion for summary judgment is denied; plaintiff's motion for summary judgment is granted.