127 N.J. Super. 460 (1974)
317 A.2d 760
HARTFORD INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY AND THE AMERICAN ARBITRATION ASSOCIATION, DEFENDANTS, AND JOSEPH YUHAS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1973.
Submitted for Determination March 18, 1974.
Decided April 2, 1974.
*461 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. John G. Rathman for appellant (Messrs. Kirkpatrick and Rathman, attorneys).
*462 Mr. Paul E. Anderson for respondent (Messrs. Kovacs, Anderson, Horowitz and Rader, attorneys).
The opinion of the court was delivered by MICHELS, J.S.C., Temporarily Assigned.
Plaintiff Hartford Insurance Company (Hartford) appeals from a grant of summary judgment in favor of defendant Joseph Yuhas (Yuhas). Yuhas was injured in an automobile accident while a passenger in a vehicle owned and operated by Cecelia Satoli which collided with an uninsured vehicle. The Satoli vehicle was insured by Allstate Insurance Company (Allstate) and Yuhas was insured by Hartford. Both the Hartford and Allstate policies contained uninsured motorist coverage endorsements issued pursuant to the provisions of N.J.S.A. 17:28-1.1, and each contained the minimum statutory limits of $10,000 per person and $20,000 per accident.
Yuhas instituted an arbitration proceeding against Hartford and Allstate under the arbitration provisions of the uninsured motorist coverage issued by each, to recover damages for the personal injuries he sustained as a result of the accident. The arbitrator, at the conclusion of the hearing, entered an award in favor of Yuhas and against Hartford and Allstate in the sum of $10,000 each, or a total of $20,000. Allstate paid the $10,000 awarded Yuhas. Hartford refused to pay, contending that recovery was barred by reason of the "other insurance" clause contained in its uninsured motorist coverage endorsement, and instituted this declaratory judgment action. The "other insurance" clause provides:
With respect to bodily injury to an insured while occupying a highway vehicle not owned by the named insured, this insurance shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such vehicle as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.
Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the *463 applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits liability of this insurance and such other insurance.
Hartford contends that under the express language of the aforesaid clause, the uninsured motorist coverage of the insured's (Yuhas) own policy operates as excess coverage and applies only if its coverage is more extensive than the primary coverage afforded by Allstate, and then only for the amount of such excess. Since the Allstate and Hartford policies contained the identical limits of liability, Hartford argues that its coverage does not apply, and Yuhas was not entitled to stack or pyramid the policies, but rather was limited in his recovery to $10,000  the amount of the Allstate coverage.
The trial court rejected this argument and granted Yuhas' motion for summary judgment, holding that Hartford was also liable to Yuhas under its uninsured motorist coverage. The trial court relied on the opinion of the Chancery Division in McFarland v. Motor Club of Amer. Ins. Co., 120 N.J. Super. 554 (Ch. Div. 1972). In McFarland the court held the same "other insurance" clause that is contained in the Hartford policy here involved to be violative of public policy and invalid, stating:
N.J.S.A. 17:28-1.1 sets a minimum recoverable amount but does not limit the total recovery. Defendant's "other insurance" clause should be read only so as to avoid dual recoveries; N.J.S.A. 17:28-1.1 itself states this limitation. Where an insured's loss exceeds the limits of one policy, he may proceed against other available policies. The insurance company is, of course, free to dispute the validity of the asserted claim. But this court will not permit an insurer to escape its statutorily imposed liability by including in its policy a limiting clause which prevents the insured from receiving coverage he has paid for. Insofar as the "other insurance" clause under consideration purports to do so, it is violative of public policy and is invalid. [at 563]
The court reached this result by concluding that the general purpose of the Motor Vehicle Security Responsibility *464 Law (N.J.S.A. 39:6-23 to 60), the Unsatisfied Claim and Judgment Fund Law (N.J.S.A. 39:6-61 to 91) and the Motor Vehicle Liability Security Fund Law (N.J.S.A. 39:6-92 to 104), is "to provide victims of automobile accidents with financially responsible people to look to for damages," and since the "other insurance" clause limits the amount that an insured may recover under the uninsured motorist coverage, such clause conflicts with public policy. We disagree.
At the outset it should be noted that uninsured motorist coverage is offered in New Jersey by legislative mandate. N.J.S.A. 17:28-1.1, then in effect, provided in pertinent part as follows:
No automobile liability policy or renewal of such policy, of insurance insuring against loss resulting from liability imposed by law for bodily injury or death, sustained by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is offered in connection therewith, in limits for bodily injury or death set forth in section 9 of chapter 174 of the laws of 1952 (C. 39:6-69), ... under provisions approved by the Commissioner of Banking and Insurance, for payment of all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile, * * *.
N.J.S.A. 39:6-69 provided for the application for payment of a judgment at the time the Hartford policy was issued in the maximum amounts of $10,000 for injury or death to one person (now $15,000), and $20,000 for injury to or death of more than one person in any one accident (now $30,000). The limits contained in N.J.S.A. 39:6-69 are the limits required for the uninsured motorist coverage issued in this State in accordance with N.J.S.A. 17:28-1.1. The policy issued by Hartford to Yuhas contained those limits. Cf. Allstate Ins. Co. v. McHugh, 124 N.J. Super. 105, 111 (Ch. Div. 1973), aff'd per curiam 126 N.J. Super. 458 (App. Div. 1974).
*465 Our review of the pertinent statutes does not indicate that the Legislature required that any different limits be contained in policies of insurance providing uninsured motorist coverage. The conclusion reached in effect in McFarland, that the general purpose of the Motor Vehicle Security Responsibility Law, the Unsatisfied Claim and Judgment Fund Law and the Motor Vehicle Liability Security Fund Law gives rise to a public policy that prohibits the insurance companies from limiting their liability under this type of coverage, is not supported by the language of those statutes and ignores the very purpose for which N.J.S.A. 17:28-1 et seq. was enacted.
The legislative purpose in establishing the Fund was to provide a measure of relief to persons who sustain losses or injuries inflicted by financially irresponsible or unidentified operators of motor vehicles where such persons would otherwise be remediless. See Exum v. Marrow, 112 N.J. Super. 570, 574 (Law Div. 1970). The purpose in providing for the issuance of uninsured motorist coverage by insurance companies for such accidents pursuant to N.J.S.A. 17:28-1.1 and prohibiting persons having such coverage from proceeding against the Fund pursuant to N.J.S.A. 39:6-62 was to relieve the Fund of some of the financial burden relating to claims against uninsured motorists. See Hannan v. Employers Commercial Union Ins. Co., 117 N.J. Super. 485, 489 (Law Div. 1971). There is nothing in any of these acts which requires that the insurers issuing policies in accordance with N.J.S.A. 17:28-1.1 provide unlimited coverage so that victims of accidents could be made whole. Had this been the legislative intent, the Legislature could readily have required limits of liability in excess of those set forth in N.J.S.A. 39:6-69.
Furthermore, the legislation permitting the issuance of uninsured motorist coverage in this State was approved and became effective on January 2, 1969. This coverage has been and is still being offered in this State in the form approved by the Commissioner of Insurance. See Obst v. State *466 Farm Mut. Auto. Ins., 123 N.J. Super. 60 (Ch. Div. 1973), aff'd per curiam 127 N.J. Super. 458 (App. Div. 1974); Allstate Ins. Co. v. McHugh, supra. To date the Commissioner has not withdrawn approval of the uninsured motorist coverage endorsement or deleted therefrom or changed in any way the "other insurance" clause. It must be presumed, therefore, that he did not consider the uninsured motorist endorsement, including the "other insurance" clause contained therein, unfair or inequitable, or that it was against public policy. Cf. Smith v. Motor Club of Amer. Ins. Co., 54 N.J. Super. 37, 43-44 (Ch. Div. 1959), aff'd per curiam 56 N.J. Super. 203 (App. Div. 1959), certif. den. 30 N.J. 563 (1959); Busch v. Home Ins. Co., 97 N.J. Super. 54, 57 (App. Div. 1967).
The validity of "other insurance" clauses of the type here involved has come under judicial scrutiny in other courts. While there does not appear to be unanimity of opinion (See Annotation, "Uninsured Motorists  `Other Insurance'", 28 A.L.R.3d 551 (1969)), there is much persuasive authority upholding the validity of such clauses. See, e.g., Whitmire v. Nationwide Mutual Ins. Co., 254 S. Car. 184, 174 S.E.2d 391 (Sup. Ct. 1970); Long v. U.S. Fire Ins Co., 236 So.2d 521 (La. Ct. App. 1970), writ refused 256 La. 864, 239 So.2d 362 (Sup. Ct. 1970); Harris v. Southern Farm Bureau Cas. Ins. Co., 247 Ark. 961, 448 S.W.2d 652 (Sup. Ct. 1970); Tindall v. Farmers Automobile Mgmt. Corp., 83 Ill. App.2d 165, 226 N.E.2d 397, 28 A.L.R.3d 546 (App. Ct. 1967); Globe Indemn. Co. v. Baker's Estate, 22 App. Div.2d 658, 253 N.Y.S.2d 170 (App. Div. 1964) (no discussion of the effect of any statutory provision); Burcham v. Farmers Ins. Exchange, 255 Iowa 69, 121 N.W.2d 500 (Sup. Ct. 1963) (no discussion of the effect of any statutory provision); Lyon v. Hartford Acc. and Indemn. Co., 25 Utah 2d 311, 480 P.2d 739 (Sup. Ct. 1971).
Contra, Safeco Ins. Co. of America v. Jones, 286 Ala. 606, 243 So.2d 736 (Sup. Ct. 1970); Sparling v. Allstate Ins. Co., 249 Or. 471, 439 P.2d 616 (Sup. Ct. 1968); Harleysville *467 Mut. Cas. Co. v. Blumling, 429 Pa. 389, 241 A.2d 112 (Sup. Ct. 1968); Bryant v. State Farm Mut. Automobile Ins. Co., 205 Va. 897, 140 S.E.2d 817 (Sup. Ct. App. 1965); Sellers v. U.S. Fidelity & Guar. Co, 185 So.2d 689 (Fla. Sup. Ct. 1966).
In Putnam v. New Amsterdam Cas. Co., 48 Ill.2d 71, 269 N.E.2d 97 (Sup. Ct. 1970), the court considered the public policy argument and dismissed it, although noting that plaintiffs were probably not in a position to present the argument, the uninsured motorists statute not having been passed until after their accident. The court stated:
* * * [W]e should consider the effect of plaintiffs' proposal that the policies should be "stacked" to allow full compensation. If such were mandated as a matter of public policy, motorists would be in the unusual position of preferring that any injuries sustained be at the hands of uninsured motorists rather than motorists who comply with the Financial Responsibility Law. In the case before us, for instance, plaintiffs have already recovered from their host's policy the amount they would have received had the tortfeasor been insured to the extent required by statute; but plaintiffs plead that they should be entitled to greater compensation, as a matter of public policy or legislative dictate, by virtue of the fact that the tortfeasor was not only a careless driver, but a financially irresponsible one as well.
The question of public policy it seems to us, is largely manufactured. Construing an insurance contract accurately and giving it the effect which its language clearly commands, is not ipso facto a breach of public policy merely because it disappoints the innocent victim of an uninsured motorist. Whether an excess-escape clause in an uninsured motorist endorsement is violative of the statutory requirements for such coverage, rests upon a determination of legislative intent. With the recent trend toward compulsory uninsured motorist coverage, this question has understandably been posed in various contexts elsewhere. While there is some split in authority, the courts have generally reasoned that the legislature's intent in requiring such insurance is satisfied by coverage which assures that the insured will fare equally well whether the tortfeasor is insured or not. [at 104-105; citations omitted]
Putnam was followed and approved by the Iowa Supreme Court in Morelock v. Millers' Mut. Ins. Ass'n of Illinois, 49 Ill.2d 234, 274 N.E.2d 1 (Sup. Ct. 1971), which was decided after Illinois' uninsured motorist statute was passed.
*468 Accordingly, we are of the view that the "other insurance" clause contained in the Hartford policy is not invalid or violative of any public policy of New Jersey. We expressly overrule the holding in the McFarland case and will enforce the "other insurance" clause in accordance with its plain and unambiguous language, thereby precluding the stacking or pyramiding of this type of coverage. For the foregoing reasons, the summary judgment granted below in favor of Yuhas is reversed, and the matter remanded to the trial court with the direction that judgment be entered in accordance with the views expressed in this opinion.