**Charles Allen BULLOCH, Individually, and as next Friend of Mark and David Bulloch, Minors, Appellants,**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Appellee.**

No. 20994.

Court of Appeals of Texas, Dallas.

March 26, 1982.

Rehearing Denied May 7, 1982.

Gerald W. Livingston, Ford, Livingston & Needham, Dallas, for appellants.

Kenneth S. Beat, Strasburger & Price, Dallas, for appellee.

Before CARVER, STEPHENS and SPARLING, JJ.

STEPHENS, Justice.

This is an appeal from a judgment limiting the recovery of uninsured motorist benefits under a single policy of automobile insurance covering three vehicles to $10,-000.00. The insured argued at trial that he was entitled to "stack" uninsured motorist benefits for a recovery of $30,000.00 because a separate and equal premium had been paid for coverage on each of the three vehicles insured under the policy. In the alternative, he contended that he should receive $20,000.00 as the accident involved the automobile designated as vehicle 2 on the policy. The trial court rejected both these contentions, and the insured appealed. We affirm the judgment of the trial court.

Charles Allen Bulloch was the owner of an automobile policy issued by State Farm Mutual Insurance Company. Three vehicles were insured under the single policy. Uninsured motorist coverage was provided each vehicle for separate and equal premiums of $2.00 and the limits of liability were stated to be $10,000.00 each person and $20,000.00 each accident. While driving the car designated as vehicle 2, Mary C. Bulloch, the wife and mother of appellants, was involved in a collision proximately caused by the negligence of an uninsured motorist. She died in the hospital shortly thereafter. Appellants brought suit against State Farm Mutual Insurance Company to recover damages in the amount of $30,000.00, representing a stacking of the policy limit stated for each of the three insured vehicles. It was stipulated that appellants had suffered damages each in excess of $30,000.00 as a result of the death of Mary C. Bulloch. The trial court awarded appellants a total recovery of $10,000.00, and they appeal.

The Texas Supreme Court has rejected stacking of uninsured motorist benefits under a single multi-vehicle policy when the policy provides that the limit of liability stated as applicable to "each person" is the limit of liability for all damages sustained by one person as a result of any one accident. *Westchester Fire Insurance Company v. Tucker, decided with Dhane v. Trinity Universal Insurance Company,* 512 S.W.2d 679 (Tex.1974). *See American Liberty Insurance Company v. Ranzau,* 481 S.W.2d 793 (Tex.1972). The provision setting forth the limits of liability in the State Farm policy here at issue [1] is virtually identical to

---

1. Limits of Liability

    (a) The limit of liability for uninsured motorists coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations

the corresponding provision in *Tucker* which was dispositive of the case. Appellants urge that the case at bar is distinguishable because an equal premium was paid for uninsured motorist coverage on each of the three insured vehicles, whereas, in *Tucker,* the premiums were not equal. Consequently, they maintain that the effect of the equal premium payment was to create separate coverages, each with a limit of $10,000.00. We disagree. The decision in *Tucker* was based upon the clear and unambiguous language contained in the policy provision denominated "Limits of Liability," and not on a consideration of the amount of the premiums paid for uninsured motorist coverage. In fact, one of the cases cited by *Tucker* in support of its holding involved a situation where separate and equal premiums were charged for uninsured motorist coverage on each insured vehicle under a single policy. *See Allstate Insurance Company v. McHugh,* 124 N.J.Super. 105, 304 A.2d 777 (1973), *aff'd,* 126 N.J.Super. 458, 315 A.2d 423 (1974). We overrule appellants' grounds of error.

Affirmed.

as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of

services, because of bodily injury sustained by two or more persons as the result of any one accident.