**ALLSTATE INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**Edward W. MOLE et al., Defendants-**
Appellants.

No. 27232.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1969.

William F. Sullivan, IV, Sullivan & Telepas, Miami, Fla., for defendants.

George E. Bunnell, Miami, Fla., for appellee, Dean, Adams, George & Wood, Miami, Fla., of counsel.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

GOLDBERG, Circuit Judge:

This controversy concerns the maximum liability to which Allstate Insurance Company is exposed under a public liability clause of an automobile policy. More precisely, the issue is whether under Florida law the limit of liability for non-owned vehicle coverage should be increased to $30,000.00, three times the stated policy limit, because the policy insured three owned vehicles. Since this is a diversity case and the construction of an insurance contract is a peculiarly local problem we are bound to follow the Florida law. Greer v. Associated Indemnity Corp., 5 Cir. 1967, 371 F.2d 29. Unfortunately, however, Florida has never ruled on the precise question here presented. This court is, therefore, left in the position of trying to make an

*Erie*-educated guess as to what the Florida courts would hold if faced with the issue. We conclude that the stated policy limit of $10,000.00 marks Allstate's maximum liability under the policy and affirm the district court's judgment.

The facts giving rise to this suit are undisputed and clear. Allstate issued an automobile policy to Andrew Keith. Beverly Keith, the wife of Andrew Keith, was involved in a motor vehicle collision with Mrs. Edward Mole, the appellant herein. At the time of the collision, Mrs. Keith was driving a car owned by Sidney Kanter. The Keiths had three owned automobiles insured under one Allstate policy. This policy covered Mrs. Keith while driving a non-owned vehicle, but such coverage was excess insurance over any other collectible insurance. The Moles filed a civil suit for damages against Mrs. Keith and Kanter in a Florida state court. Kanter's insurer tendered $25,000.00, the limits of its policy, to the Moles; Allstate, the Keith's insurer, tendered $10,000.00, an amount Allstate asserted was its maximum liability under the non-owned vehicle coverage in the Keiths' policy.

The Moles rejected the Allstate offer claiming that Allstate's liability was $30,000.00 not $10,000.00. Allstate instituted its suit in the federal district court seeking a declaratory judgment that its maximum liability under the policy was $10,000.00. All parties moved for summary judgment and on October 25, 1968, Judge Charles B. Fulton, entered summary judgment in favor of plaintiffs, Allstate Insurance Company.

Mole has appealed to this court alleging in substance that the Allstate policy is ambiguous and, therefore, Florida public policy requires a finding of increased coverage. This argument is based on an alleged conflict between the separability clause and the liability limitations. The separability clause found on page 16 of the contract provides:

"When two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each. * * *"

The liability protection provisions are contained in Part I of the policy and state:

"Coverage A. Bodily Injury * * *

Allstate will pay the insured all damages which the insured shall be legally obligated to pay because of A. bodily injury sustained by any person * * * arising out of the ownership, maintenance or use * * * of the owned automobile or a non-owned automobile."

The Supplement Page shows that under Coverage A the liability limit for bodily injury is $10,000.00 for each person. On page 3 of the policy under the heading "Limits of Allstate's Liability" the following appears:

"The limit of bodily injury liability stated on the Supplement Page for Coverage A as applicable to:

(1) "each person" is the limit of Allstate's liability arising out of bodily injury sustained by one person in any one occurrence."

On the face of the policy we find no ambiguity between the separability clause and the limit of liability. The separability provision merely renders the policy applicable to whichever of the insured cars is involved in an accident. The liability limits are also clear; for bodily injury Allstate will pay up to $10,000.00 for injury to one person.

The appellants, however, base their contention on several Florida cases which have allowed multiple coverage for medical payment insurance and uninsured motorist protection. Each of these cases involved an automobile policy insuring more than one vehicle and containing a standard separability clause. Though the policy before us also insures more than one vehicle and contains a separability clause, in our opinion, the reasoning of these cases makes them inapplicable to the case at hand.

In Government Employees Insurance Company v. Sweet, Fla.Dist.Ct.App.1966, 186 So.2d 95, the insureds, Mr. and Mrs. Sweet, had one policy covering two cars. Mrs. Sweet was injured while driving one of the two insured cars and had undisputed medical expenses exceeding $3,000.00. The limit of liability and the premiums were separately stated for each car. For Car A, $3,000.00 medical payments coverage was provided at a cost of $6.60. For Car B, $3,000.00 medical payments coverage cost $5.40. The policy included a separability clause. The court found that the separability clause was in "hopeless" conflict with the limitation of liability and therefore multiplied the coverage to $6,000.00. It is important to note that the court's reasoning was based, in part, on the difference between medical payments coverage and public liability insurance. The court stated:

"The medical payments coverage applies to all medical expenses of the named insured while occupying or through being struck by an automobile, except an automobile owned by or furnished for the regular use of the named insured which is not described in the policy. This is the feature which makes medical payments insurance coverage an entirely different type of insurance than public liability or property damage insurance where coverage is attributed to the vehicle causing the damage. Medical payment provisions are closely akin to a personal accident policy; recovery is completely independent of liability on the part of the insured. * * *

"On first impression it seemed that the limit of liability clause in the medical payments section of the policy determined the question but none of the terms of the policy may be applied to the exclusion of others. The two or more automobiles clause directs that the terms of the policy shall apply separately to each automobile. The terms of the policy are hopelessly irreconcilable, and we must adopt the construction which provides the most coverage. When we apply the terms of the policy separately to each of the two automobiles insured, we find that the limits of liability for medical payments for each automobile is $3,000.-00, and it makes no difference whether the injuries were sustained while the named insured was occupying or struck by either one or the other of the automobiles described in the policy or by an automobile not described in the policy. There is no way to relate coverage to either, and, therefore, the limit of liability for medical payments of the named insured for bodily injury sustained as a result of any one accident is applied separately to the terms of the policy as to each automobile described. The aggregate amount is $6,000.00. * * *" Id. at 96, 97.

In effect, what the court in Sweet, found was that the insureds had purchased two amounts of medical coverage in one policy because each automobile had a medical provision paid for by a separate premium. Since the medical insurance on each car was payable if the insured was injured in any car (except one owned by the insured but not named in the policy) the court held that Mrs. Sweet was entitled to collect the amounts due under the medical coverage provisions of both cars.

The other area in which Florida has allowed multiplication of policy limits due to a separability clause involves uninsured motorist protection. In Sellers v. Government Employees Insurance Co., Fla.Dist.Ct.App.1968, 214 So.2d 879, the insureds, Mr. and Mrs. Sellers had one policy covering two cars. Mrs. Sellers was injured while riding in one of the insured cars when it collided with an uninsured vehicle. As in Sweet, the policy limits and the premiums for uninsured motorist coverage were separately stated for each owned vehicle. For Car A, the liability was $10,000.00 and the premium was $3.75. For Car B, the premium was $3.00 and the liability was $10,000.00. Mrs. Sellers made demand for $14,500.00, the amount of damages she sustained as a result of the accident. Government Employees maintained its liability was limited to $10,000.00.

In deciding to allow multiple coverage the court cited and used the reasoning of the *Sweet* opinion:

"\* \* \* [T]he principle appears to be established that if one who is a beneficiary under the uninsured motorist provision of multiple insurance policies suffers a compensable loss, he is entitled to payment of his loss from any or all of the insurance carriers within the limits of liability stated in their respective policies. His recovery is not restricted to the coverage of the policy insuring the vehicle in which he was riding at the time of his loss. Such being the controlling law in case of multiple insurance policies, we perceive no reason why a different rule should be applied merely because the insurance coverage afforded on different vehicles is combined in one instead of two or more policies. This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles as is true in the case sub judice.

"The construction of the uninsured motorist provision of the insurance policy which we adopt hereby is consistent with the construction placed by the Fourth District Court of Appeal in Government Employees Insurance Company v. Sweet with respect to the 'medical payments' coverage of an automobile liability insurance policy similar to the one involved in the case sub judice. \* \* \*" *Id.* at 882, 883.

In both *Sweet* and *Sellers* the medical and uninsured motorist coverage was derived from a specifically insured vehicle and a separate premium was paid for each type of insurance on each vehicle. The court found that the policy holders had, therefore, purchased additional coverage of that type when they added a second owned vehicle to their policy. Moreover, both the medical and uninsured motorist protection, though purchased with insurance on a particular vehicle, was payable whether the insured was injured in that vehicle or some other. Since the payment of proceeds was not attached to a particular vehicle, the court merely added the total amount of coverage that the insured owned to determine the insurer's liability. Because the insurance was derived from the coverage on a particular vehicle, this had the effect of multiplying the stated policy limit for each vehicle by the number of owned vehicles covered by the policy.

■ In the instant case an entirely different situation obtains. Non-owned vehicle coverage by definition cannot be derived from the coverage on a particular owned vehicle. It is separate insurance and, moreover, does not apply if one of the owned vehicles gives rise to the accident. The idea that a policy holder could increase his non-owned vehicle coverage by adding owned vehicles to his policy is a concept this court cannot comprehend. The policy holder is already covered while driving all non-owned vehicles, regardless of the number of owned vehicles named in the policy, and pays no additional premium for non-owned vehicle coverage if an additional car is added to the policy. Furthermore, the formula applied in *Sweet* and *Sellers* requires that the stated policy limit for particular coverage be multiplied by the number of vehicles covered. If this formula were strictly applied to non-owned vehicle coverage, we would reach the absurd result that the stated liability limit would be multiplied by the total number of non-owned vehicles the insured potentially could drive, a result we do not think the Florida courts intended or would sanction.

■ In addition, the type of insurance involved in this case is public liability insurance and was specifically distinguished by the Florida court in *Sweet* when it allowed multiplication of limits for medical payment insurance. Our court has also recognized the distinction between medical insurance and public liability insurance and refused to allow multiplication of coverage in the

latter. Greer v. Associated Indemnity Corp., 5 Cir. 1967, 371 F.2d 29. While the court in *Greer* did not have before it and did not decide whether multiplication of policy limits was proper for non-owned vehicle insurance, we think that logic and Florida precedent require us to hold that the policy limits of non-owned vehicle insurance, which is a form of public liability insurance, may not be multiplied by the number of owned vehicles to increase the insurer's liability.

The other Florida cases dealing with uninsured motorist protection are also clearly distinguishable from the case at bar. Sellers v. United States Fidelity and Guaranty Co., Fla.1966, 185 So.2d 689; Travelers Indemnity Co. v. Powell, Fla.Dist.Ct.App., 1968, 206 So.2d 244. In each the claimant was covered by two separate policies owned by two different people. In these cases the court merely held that under a Florida statute both insurance companies had to pay the insured on a pro rata basis *up to their respective policy limits*.

For the above reasons, we affirm the holding of the district court that Allstate is obligated to indemnify Beverly Keith and Sidney Kanter up to the amount of $10,000.00 excess over the coverage provided by Kanter's insurer for any judgment that Mole may obtain against them.

Affirmed.