506 F.2d 16
 TRINITY UNIVERSAL INSURANCE COMPANY, a Texas corporation,
Plaintiff-Appellee,
v.
Charles CAPPS et al., Defendants-Appellants.
Richard J. SCHELFO and Donna Schelfo, Plaintiffs-Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a foreign
corporation incorporated under the laws of the
District of Columbia, et al.,
Defendants-Appellees.
 Nos. 74-1235, 74-1279.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 30, 1974.
Decided Nov. 15, 1974.
 
 Saul I. Ruman, Hammond, Ind., for defendants-appellants Charles Capps et al.
 James E. Schreiner, George E. Bloom, Hammond, Ind., for plaintiff-appellee Trinity Universal Ins. Co.
 Edward J. Raskosky, George H. Kohl, Hammond, Ind., for plaintiffs-appellants Richard J. Schelfo and Donna Schelfo.
 William S. Spangler, David J. Hanson, Gary, Ind., for defendants-appellees Government Employees Ins. Co. et al.
 Before HASTINGS, Senior Circuit Judge, and CUMMINGS and LAY,* Circuit Judges.
 HASTINGS, Senior Circuit Judge.
 
 
 1
 These two cases, as did Miller v. Hartford Accident and Indemnity Co., 7 Cir., 506 F.2d 11 (1974), also decided today, raise the same issue of whether an insurance policy covering several cars permits aggregation or 'stacking' of the liability limits of each car to determine the total uninsured motorist recovery. Although separately briefed and argued, the cases are therefore consolidated for opinion. Jurisdiction is based on diversity of citizenship and the law of Indiana applies. Although the policy language and the facts are somewhat different in each case, the law to be applied here is the same as in Miller.
 
 No. 74-1235
 
 2
 In No. 74-1235, Trinity Universal Insurance Company (Trinity) issued Charles Capps one insurance policy covering a 1971 Toyota and a 1962 Ford truck. On May 5, 1972, the Toyota was struck by an uninsured motorist and Capps' wife and one child were killed and his two other children were injured.
 
 
 3
 For purposes of the uninsured motorist provision of the Trinity policy, the definition of an insured included not only the named insured but any relative or any other person occupying an insured automobile. The limits of liability section of the uninsured motorist coverage stated, inter alia, that 'the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.' In the declarations, the limits of liability listed under each car for uninsured motorist coverage were $15,000 for each person and $30,000 for each accident and $2,000 for medical payments coverage. A separability clause in the policy applicable to the medical expenses coverage but inapplicable to the uninsured motorist coverage provides: 'When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each * * *.'Trinity admitted liability for $30,000 under the uninsured motorist coverage and paid that amount to the clerk of the district court for use of the insureds. Trinity paid $2,000 to Capps under the medical payments coverage. Upon Capps' demand that Trinity was liable for up to $64,000, since the policy covered two cars, Trinity brought this action for declaratory judgment seeking a declaration that its uninsured motorist liability was limited to $30,000. The District Court for the Northern District of Indiana, the Honorable Allen Sharp, Judge, presiding, granted summary judgment for Trinity on both the uninsured motorist and medical expense coverages. This is an appeal from that judgment.
 
 
 4
 Subsequent to the decision in this case, the Indiana Court of Appeals in Jeffries v. Stewart, Ind.App., 309 N.E.2d 448 (1974), found that where a policy covering several cars had both a limits of liability clause on uninsured motorist coverage and a separability clause applicable to that coverage an ambiguity was created as to whether the limits of liability clause applied to each car or to the insurance contract as a whole. Resolving the ambiguity in favor of the insured, the court held that the insured was entitled to aggregate the liability limits. The Jeffries court stated, in dicta, that the ambiguity there could have been avoided if the separability clause by its express terms did not apply to the uninsured motorist provision or if the contract expressly restricted the limit of liability to the amounts stated in the declarations regardless of the number of cars covered. Ind.App., 309 N.E.2d at 453-454.
 
 
 5
 The insurance policy here differs from that in Jeffries in that the separability clause in the Trinity policy, by its explicit terms, is inapplicable to the uninsured motorist coverage. Under the authority of Jeffries and the decision of our court today in Miller, supra, we affirm the judgment of the district court that the limit of liability under the uninsured motorist coverage is $30,000.[1] On appeal, Trinity has conceded that, in light of Jeffries, Capps is entitled to aggregate the liability limits for the two cars for medical services since the policy's separability clause is applicable to that coverage. Accordingly, we reverse on the issue of medical services coverage and hold that appellant is entitled to recover from Trinity an additional $2,000. This cause is remanded to the district court with directions to enter judgment consistent with this opinion.
 
 No. 74-1279
 
 6
 In No. 74-1279, Government Employees Insurance Company (GEICO) had issued to Richard Elston an automobile insurance policy covering three cars. Donna Schelfo was injured when the automobile, owned by Elston, in which she was a passenger was struck by an uninsured motorist. This action was brought by Donna Schelfo to recover damages for her injuries and by her father for medical expenditures and loss of services against the uninsured motorist and GEICO. The District Court for the Northern District of Indiana, the Honorable Allen Sharp, Judge, presiding, granted summary judgment for GEICO, holding that recovery was limited to $10,000 under the policy. This is an appeal from that judgment.
 
 
 7
 The GEICO policy issued to Elston included within the definition of 'insured,' for purposes of the uninsured motorist coverage, not only the named insured, but 'any other person while occupying an insured automobile.' The policy declaration limited liability under uninsured motorist coverage to $10,000 for each person and $20,000 for each accident. The policy states:
 
 
 8
 Regardless of the number of automobiles or trailers to which this policy applies, the limit of liability for uninsured motorists coverage stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by any one person as the result of any one accident * * *.
 
 
 9
 Under the policy the separability clause was explicitly inapplicable to this coverage.
 
 
 10
 In light of Jeffries, supra, and our decision in Miller, supra, we affirm.
 
 
 11
 No. 74-1235-- Affirmed in part; reversed in part; remanded with directions.
 
 
 12
 No. 74-1279-- Affirmed.
 
 
 
 *
 United States Circuit Judge Donald P. Lay of the United States Court of Appeals for the Eighth Circuit is sitting by designation
 
 
 [1]
 The post-argument cited case of Mutual Hospital Insurance, Inc. v. Klapper, Ind., 312 N.E.2d 482 (1974), is not applicable since it dealt with a policy ambiguity and here there was none