**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellant (Defendant Below),**

v.

**Jerry W. GREEN, Appellee (Plaintiff Below).**

No. 4–1283A428.

Court of Appeals of Indiana, Fourth District.

Feb. 26, 1985.

William Prime, Madison, for appellant.

Gary K. Kemper, Jenner & Kemper, Madison, for appellee.

YOUNG, Judge.

Jerry W. Green brought suit against State Farm Mutual Automobile Insurance Company (State Farm) seeking reimbursement of his medical bills after he was injured in a collision between his motorcycle and another vehicle. Green's insurance on this motorcycle contained no coverage for such medical expenses. Green claimed, however, that he should recover under the medical expense coverage in the State Farm policies covering his car and pickup truck. The trial court agreed and granted summary judgment in Green's favor. State Farm appeals, claiming this judgment was contrary to law.

We reverse.

This court may affirm a grant of summary judgment only if there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Carrell v. Ellingwood* (1981), Ind.App., 423 N.E.2d 630. In this case, the relevant facts are not in dispute. While riding his motorcycle, Green collided with another vehicle and was injured. He incurred medical expenses exceeding $4,000. At this time, Green's motorcycle was insured by State Farm under a policy containing no coverage for the insured's medical expenses. Green also owned a car and a pickup truck, both insured under State Farm policies. These policies both included coverage for the insured's medical expenses, up to $2,000. On these undisputed facts, the only question is whether, as a matter of law, the medical expense coverage in the policies insuring Green's truck and car extended to injuries he sustained while riding his motorcycle.

We find Green was not covered. The policy provisions on which Green relies state in pertinent part as follows:

> [State Farm agrees] [t]o pay reasonable medical expenses incurred for services furnished within one year from the date of accident:
>
> Division 1. to or for the first person named in the declarations and, while residents of his household, his spouse and any relative of either who sustains bodily injury, caused by accident
>
> (1) while occupying the owned motor vehicle, or
>
> (2) through being struck by a highway vehicle while not occupying a land motor vehicle.

Green admits he was not injured "while occupying the owned motor vehicle" as defined in the policies insuring his car and truck. Thus, he was entitled to recover under these policies only if he was "struck by a highway vehicle while not occupying a land motor vehicle." [1]

Green argues this requirement was met because his motorcycle was not a "land motor vehicle" within the meaning of the policy language. Generally, when an insurance policy is ambiguous, we will adopt the construction most favorable to the insured. *Jeffries v. Stewart* (1974), 159 Ind.App. 701, 309 N.E.2d 448. We will find contract language ambiguous, however, only if reasonably intelligent persons on reading the contract could honestly differ as to its meaning. *Id.* If the contract is unambiguous, it must be enforced according to its terms. *American States Ins. Co. v. Aetna Life & Casualty Co.* (1978), 177 Ind.App. 299, 379 N.E.2d 510.

In this case we do not believe any reasonable person could honestly conclude that a motorcycle is not a "land motor vehicle" within the plain, ordinary meaning of that term. A motorcycle is obviously a vehicle, equipped with a motor and meant to be driven on land. Contrary to Green's assertion, this phrase is not a term of art; nor is it automatically ambiguous simply because it is not defined within the policy. We find that this contract language was unambiguous, so that the trial court was required to enforce it according to its terms. *American States Ins. Co., supra.* [2] The undisputed facts show Green was not injured "through being struck by a highway vehicle while not occupying a land motor vehicle." Thus, as a matter of law, Green was not entitled to recover under the medical expense coverage in the policies insuring his truck and car. The trial court's ruling in Green's favor was contrary to law.

---

1. The term "occupying" is defined in the policy to mean "in or upon or entering into or alighting from." Green does not dispute that he was "occupying" his motorcycle under this definition when he was injured.

2. Green relies in part on cases where policy limitations similar to those at issue here were held invalid under Indiana's Uninsured Motorists Coverage statute, now codified at IND.CODE 27–7–5–2 through –6 (1982). *E.g., Patton v. Safeco Ins. Co.* (1971), 148 Ind.App. 548, 267 N.E.2d 859. *See also State Farm Mutual Automobile Ins. Co. v. Robertson* (1973), 156 Ind.App. 149, 295 N.E.2d 626. These cases are obviously inapplicable, however, since Green has made no claim under the uninsured motorist coverage in any of his policies.

The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.

MILLER, P.J., and CONOVER, J., concur.