UNION INSURANCE COMPANY,
Plaintiff and Appellee,

v.

John C. STANAGE, as guardian of the
person and estate of Susan K.
Stanage, Defendant and Appellant.

No. 16742.

Supreme Court of South Dakota.

Argued Jan. 9, 1990.

Decided April 18, 1990.

Douglas M. Deibert of Cadwell, Sanford & Deibert, Sioux Falls, for plaintiff and appellee.

Thomas J. Deadrick of Zimmer & Duncan, Parker, for defendant and appellant; Dennis L. Duncan of Zimmer & Duncan, Parker, on the brief.

WUEST, Chief Justice.

John C. Stanage (Stanage) appeals from a circuit court judgment which holds that Stanage is not entitled to aggregate or "stack" multiple uninsured motorist coverages for the purposes of determining his recovery under two policies of auto insurance issued to him by Union Insurance Company (Union). We affirm.

On May 24, 1986, Stanage's daughter, Susan K. Stanage (Susan), was seriously injured when a motorcycle on which she was a passenger collided with a parked car. Susan sustained damages in excess of $220,000 as a result of this accident. The owner and driver of the motorcycle who was the party at fault with respect to this accident was uninsured at the time of the accident. Susan, however, was a "covered person" at that time under two policies of

auto insurance purchased by Stanage from Union. One of these policies covered three vehicles owned by Stanage, while the other policy covered only one vehicle.[1] Each policy contained uninsured motorist protection of $100,000 per person and medical payments coverage of $5000 per person.

Following the accident, Union paid Stanage $105,000 and claimed that it had fulfilled its duties and responsibilities under the two policies and under South Dakota law. Stanage informed Union that he was entitled to recover more than $105,000 from Union as a result of this accident. Consequently, Union brought this action against Stanage seeking a judgment declaring the rights of the parties under the two policies of insurance. In this action, Stanage claimed that since he paid premiums for uninsured motorist coverage on several different vehicles, then he should be allowed to recover Union's limit of liability for such coverage on each vehicle. He also claimed that at a minimum, he should be allowed to recover Union's limit of liability for uninsured motorist coverage under each policy. The same arguments were made with respect to the medical payments coverage provided in each policy.

Having heard arguments from each party with respect to this matter, the circuit court subsequently rendered a judgment in favor of Union. In rendering this judgment, the circuit court held Stanage was not entitled to aggregate or "stack" his

multiple uninsured motorist coverages and the medical payments coverages for the purposes of determining his recovery against Union under the two policies of auto insurance. Stanage now appeals from this judgment. On appeal, Stanage raises essentially two issues. The first issue regards whether Stanage should be allowed to stack his uninsured motorist coverages provided within one policy. The second issue regards whether Stanage should be allowed to stack his uninsured motorist coverages provided in the two policies issued to him by Union. The same issues are raised with respect to the medical payments coverages provided in each policy.

■ We first address the issue of whether Stanage should be allowed to stack his uninsured motorist coverages provided within one policy. As previously noted, one of the policies held by Stanage covered three of Stanage's vehicles. Union's limit of liability for uninsured motorist coverage under this policy was $100,000 per person and $300,000 per accident. Stanage argues that he should be allowed to collect Union's limit of liability for each vehicle. We disagree. In resolving this issue, we direct our attention to SDCL 58–11–9 which was the only statute in effect at the time of the accident dealing with the provisions of uninsured motorist coverage.[2] This statute provides:

> No policy insuring against loss resulting from liability imposed by law for bodily

1. There seems to be some question as to whether two separate policies of insurance actually existed. Essentially, the only difference between the policies is the number assigned to them. In fact, the record indicates that Stanage asked Union to add a vehicle onto his first policy which, at that time, insured four other vehicles. However, because there was no room to list a fifth vehicle on the declaration sheet of that policy, Union listed the fifth vehicle on a separate declaration sheet containing a separate policy number. While it is clear from the record that one policy form applied to both declaration sheets, it is not clear whether both declaration sheets were attached to this policy form. Additionally, we note that the provisions and figures on each declaration sheet are essentially the same, including: the policy period, the types of coverage provided, the limit of liability for each coverage and the premiums charged for each coverage. Moreover, we note that the

second policy issued to Stanage which insures only one vehicle contains a discount for multi-vehicle coverage. Irrespective of these facts, however, we treat this case as if two separate policies did exist, since for the purposes of this opinion, this is not a critical distinction.

2. One month after the accident in question took place, SDCL 58–11–9.8 went into effect. This statute provides:

> Regardless of the number of policies involved, vehicles involved, persons covered, claims made, vehicles or premiums shown on the insured's policy, or premiums paid, in no event may the limit of liability for uninsured motorist coverage for two or more of the insured's motor vehicles be added together to determine the limit of insurance coverage available to an insured person for any one accident.

injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death equal to the coverage provided by such policy for bodily injury and death, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. *However, the coverage required by this section may not exceed the limits of one hundred thousand dollars because of bodily injury to or death of one person in any one accident* and, subject to the limit for one person, three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident, *unless additional coverage is requested by the insured.* Any policy insuring government owned vehicles may not be required to provide uninsured motorist coverage. (Emphasis added).

Here, Union provided Stanage with the maximum amount of uninsured motorist coverage that it was entitled to provide him under the statute, absent a request by Stanage for additional coverage (i.e., $100,000 per person and $300,000 per accident). Union then limited its liability to that amount in clear and unambiguous terms in the policy. Written into the policy of insurance is a "limit of liability" clause which provides:

> The limit of liability shown in the Declarations for "each person" for Uninsured Motorist Coverage ($100,000) is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one accident ... This is the most we will pay regardless of the:
>
> .  .  .  .  .
>
> (3) Vehicles or premiums shown in the Declarations.

As Union provided Stanage with the maximum amount of uninsured motorist coverage as set forth by the statute, it was clearly entitled to limit its liability to that amount. Union did clearly limit its liability to that amount in the policy itself. Therefore, we must give effect to this limitation, and we therefore hold that the trial court did not err in refusing to allow Stanage to stack his uninsured motorist coverages within the single policy.

Stanage argues that his payment of premiums for uninsured motorist coverage on each vehicle should be deemed a request for additional coverage. We find no merit in this argument. By the terms of the policy, Stanage specifically agreed and recognized that Union would not pay more than the limit of liability for uninsured motorist coverage noted on the declarations for damages sustained by any one person in any one accident ($100,000). This is clearly evidenced by the "limit of liability" clause set forth in the policy. Hence, Stanage's contention that his payment of additional premiums should be deemed a request for additional coverage thus entitling him to recover more than Union's limit of liability is contrary to the clear wording of the contract of insurance. Therefore, we reject this argument.

We also find no merit in Stanage's contention that since he paid separate premiums for uninsured motorist coverage on each vehicle, then he should be entitled to recover Union's limit of liability on each vehicle. The same argument was presented to this court in *Cunningham v. Western Cas.,* 90 S.D. 530, 243 N.W.2d 172 (1976). In *Cunningham,* we rejected this argument, stating:

> While it is true that the [insureds] paid a separate premium for the uninsured motorist coverage on each vehicle, there is an increased risk because both vehicles could be traveling the highways at the same time.

*Cunningham, supra,* 90 S.D. at 533, 243 N.W.2d at 173-174. The same reasoning applies in the present case. Premiums for uninsured motorist coverage are charged on each vehicle merely to cover the in-

creased risk. For the foregoing reasons, we uphold the trial court's determination that Stanage is not entitled to stack his uninsured motorist coverages provided within one policy.

■ Stanage's next contention on appeal is that, at a minimum, he should be allowed to stack his uninsured motorist coverages provided in the two policies of insurance issued to him by Union. As support for this argument, Stanage cites *Westphal v. Amco Ins. Co.*, 87 S.D. 404, 209 N.W.2d 555 (1973). In *Westphal,* this Court held that an "other insurance" provision did not preclude a person from collecting from his own insurance policy if his total damages exceeded the policy limits for the automobile in which he was riding when his injuries occurred. While we believe that our holding in *Westphal* is strong, we do not believe that it should be applied to the facts of this case particularly in light of certain statutory changes made in SDCL 58-11-9 following our decision in *Westphal.*

In resolving the issue of whether Stanage should be allowed to stack his uninsured motorist coverages in two policies of insurance issued by the same insurer, the determinative factor must be the apparent policy of our state legislature. *See, Westphal, supra,* 87 S.D. at 410, 209 N.W.2d at 558, *quoting Blakeslee v. Farm Bureau Mutual Ins. Co. of Mich.,* 388 Mich. 464, 201 N.W.2d 786 (1972). By enacting SDCL 58-11-9, our legislature clearly sought to provide protection to certain insureds who may be legally entitled to recover against uninsured motorists. Subsequent to our decision in *Westphal,* the legislature amended this statute by providing a maximum amount of uninsured motorist coverage that an insurer could provide to an insured absent a request for additional coverage by the insured. This modification of the statute reflects a legislative determination that the maximum amount set forth in

the statute is sufficient to protect those insureds who may be legally entitled to recover against an uninsured motorist.

In the present case, Union provided Stanage with the maximum amount of uninsured motorist coverage that could be provided to an insured in a given policy absent a request by the insured for additional coverage. In doing so, Union clearly satisfied the purpose of SDCL 58-11-9. Hence, Union should be free to limit its total liability to that maximum amount in a subsequent policy issued to the same insured. Such a limitation clearly is not contradictory to purpose of SDCL 58-11-9 since the insurer (Union) had already provided the insured (Stanage) with the maximum amount of coverage allowed under that statute. Of course, in order to be effective, this limitation must be stated in the policies in clear and unambiguous terms. In the present case, Union did limit its liability in clear and unambiguous terms. In both policies, Union specifically stated:

> The limit of liability shown in the Declarations for "each person" for Uninsured Motorist Coverage is *our* maximum limit of liability for all damages for bodily injury sustained by *any* one person in *any* one accident. (Emphasis added).

The limit of liability for uninsured motorist coverage is the same on each declaration sheet, that is, $100,000 per person. Thus, the clear import of the "limit of liability" clause in each policy is that Union will not provide uninsured motorist benefits in an amount exceeding $100,000 per person for damages sustained in any one accident involving an uninsured motorist, irrespective of the vehicles covered or policies issued to Stanage by Union.[3] The clear meaning of this limiting language should be given effect considering the fact that Union satisfied the apparent policy of the legislature by providing Stanage with the maximum

---

**3.** Also contained in both policies is a provision entitled "two or more policies" which provides:
> If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

This clause further supports Union's contention that it clearly limited its liability for uninsured motorist coverage in both policies issued to Stanage. Although neither party made reference to this clause on appeal, it is a part of the insurance contract and therefore we believe it is worthy of consideration.

amount of uninsured motorist coverage as set forth by the statute.

Stanage argues that his purchase of an additional policy from Union should be deemed a request for additional uninsured motorist coverage. Under the facts of this case, we find no merit in this argument. Both policies issued to Stanage by Union contained liability limiting clauses in which Union clearly declared that it would not be liable to Stanage for uninsured motorist benefits in an amount exceeding $100,000 per person for damages sustained in any one accident involving an uninsured motorist. In light of this clear and unambiguous language, we cannot conclude that Stanage requested uninsured motorist coverage exceeding $100,000 per person. Such a contention is clearly contrary to the language in the policies of insurance. For the foregoing reasons then, we uphold the trial court's determination that Stanage is not entitled to stack his uninsured motorist coverages provided in the two policies issued to him by Union.

We finally address Stanage's contention that the trial court erred in holding that he was not entitled to stack his medical payments coverages provided in each policy. Initially, we note that the provision of medical payments coverage in an automobile liability policy is not required by statute. Rather, our statutes merely provide that such coverage must be offered to the insured in an amount of at least two thousand dollars for each injured person before an application for an automobile liability policy may be taken by the insurer.[4] In the present case, Union provided medical payments coverage in the amount of five thousand dollars for each injured person. This is well in excess of the amount required to be offered to the insured by statute. Considering this fact, Union should not be prohibited from limiting its liability to the amount it provided ($5000) for damages sustained by any one person in any one accident. Here, Union did clearly limit its liability to that amount in each policy as each policy contained a limit of liability clause relating to medical payments coverage. This clause is virtually the same as that limit of liability clause pertaining to uninsured motorist coverage.[5] As we have given effect to the limit of liability clause relating to uninsured motorist coverage, we similarily hold that the limit of liability clause relating to medical payments coverage is also valid and should be given effect. Therefore, we hold the trial court did not err in determining that Stanage was not entitled to stack his medical payments coverage for the purpose of determining Union's liability to him as a result of the accident in question.

Judgment affirmed.

All the Justices concur.

---

4. SDCL 58–23–7 provides:
No application for an automobile liability policy may be taken with respect to any automobile registered or principally garaged in this state unless the supplemental coverages set forth in § 58–23–8 are offered to the named insured who shall have the right to reject in writing all or any one or more of such coverages.
SDCL 58–23–8 provides in pertinent part:
Supplemental insurance coverages shall as a minimum include:

.    .    .    .    .

(3) indemnity to the named insured and to any other insured, irrespective of legal liability, for medical expenses in an aggregate amount of at least two thousand dollars for each such injured person, incurred within two years from the date of the accident by reason of bodily injuries arising out of the use of the automobile described in the policy or through being struck by a motor vehicle while a pedestrian.

5. Under the medical payments coverage section in each policy it is stated:
The limit of liability shown in the Declarations for this coverage ($5000) is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:
1. Covered persons;
2. Claims made;
3. Vehicles or premiums shown in the declarations; or
4. Vehicles involved in the accident.