ZINTER, Justice
(concurring specially).
[¶ 29.] I join the opinion of the Court. I write specially to encourage the Legislature to clarify this State’s policy regarding the uninsured and underinsured motorist insurance coverage that is required to be provided under our statutes.
[¶ 30.] The first uninsured motorist coverage statute was enacted in 1966, and the first underinsured motorist coverage statute was enacted in 1975. Since that time, the Legislature has attempted to clarify, and this Court has attempted to interpret, those statutes on numerous occasions. Yet confusion and disagreements persist regarding the Legislature’s intent with respect to the coverage that is mandated and the coverage that may be excluded or limited. As a result, both insurance consumers and insurance companies have been required to repeatedly resolve their statutory disagreements in the courts. Today’s case is one such example.
[¶31.] Today we point out that uninsured and underinsured motorist coverage statutes are generally similar and appear to have similar purposes. Yet, there are subtle differences. Because of one such difference, we conclude that insurers may not exclude “owned-but-not-insured” autos from the mandated uninsured motorist coverage, but they may exclude such autos from the mandated underinsured motorist coverage. See supra ¶ 26. Is this really what the Legislature intended?
[¶ 32.] We are required to answer that question in the affirmative based on established rules of statutory interpretation that courts must apply when the language of the statutes does not explicitly answer the question. The rule of interpretation we employ recognizes that although separate statutes mandate uninsured motorist coverage and underinsured motorist coverage, only SDCL 58-11-9.5 permits mandated underinsured motorist coverage to be *111 “subject to the terms and conditions” of the policy. See id. And because the uninsured motorist coverage statute does not contain language allowing uninsured coverage to be limited by insurer terms and conditions, we conclude that the “owned-but-not-insured” exclusion in Farmers Mutual’s policy is void.
[¶ 33.] But court rules of interpretation are not infallible, and they may lead to what some may conclude is an inconsistent result. For example, applying the reasoning we utilize today, one would expect that other exclusions and limitations in uninsured motorist policies would not be permitted under the uninsured motorist coverage statute. They would not be permitted because the uninsured motorist coverage statute has no language providing that coverage may be subject to the terms and conditions of the policy.[5] But that is not always the case. In De Smet Insurance Co. of South Dakota v. Gibson, 1996 S.D. 102, ¶¶ 6-8, 552 N.W.2d 98, 99-101, this Court allowed an insurer to deny uninsured motorist coverage because a “resident family member” exclusion in the policy did not violate the public policy mandating coverage in SDCL 58-11-9. In State Farm Mutual Automobile Insurance Co. v. Vostad, 520 N.W.2d 273, 277 (S.D.1994), this Court allowed an insurer to deny uninsured motorist coverage because the policy “exclude[d] coverage when a vehicle [was] used as ‘premises.’ ” Also, this Court upheld a limiting liability clause, noting that “nothing in SDCL 58-11-9 ... require[d] the stacking of the uninsured motorist coverages for two separate vehicles.” Cunningham v. W. Cas. & Sur. Co., 90 S.D. 530, 533, 243 N.W.2d 172, 174 (1976).[6]
[¶ 34.] Thus, South Dakota’s statutes and cases permit inconsistencies between mandated uninsured and underinsured motorist coverage as well as inconsistencies within each type of coverage. There are also inconsistencies with respect to “stacking.”[7] Compare Westphal v. Amco Ins. Co., 87 S.D. 404, 209 N.W.2d 555 (1973), and Phen v. Progressive N. Ins. Co., 2003 S.D. 133, 672 N.W.2d 52 (both allowing the stacking of the vehicle’s uninsured motorist coverage and the injured passenger’s uninsured motorist coverage), with Nicker *112 son v. Am. States Ins., 2000 S.D. 121, 616 N.W.2d 468 (disallowing the stacking of the vehicle’s underinsured motorist coverage and the injured passenger’s underin-sured motorist coverage).
[¶ 35.] It would be a significant benefit to insurance consumers, insurance companies, and the courts if the Legislature would express South Dakota’s policy with respect to these inconsistencies. South Dakota’s statutes should be clarified such that uninsured and underinsured motorist coverage statutes could be interpreted similarly except as the Legislature specifically directs. Clarification is also needed with respect to the “terms and conditions” language in SDCL 58 — 11—9.5; i.e., which limiting or exclusionary “terms and conditions” does the Legislature intend to allow insurance companies to include in their policies providing underinsured motorist coverage. After all, even though SDCL 58-11-9.5 permits underinsured motorist coverage to be subject to the “terms and conditions” of the policy, the statute “was not' intended to permit any restriction an insurer may wish to create. It was only intended to allow limitations on coverage to the extent that they do not violate the public policy expressed in the statutes.” Gloe v. Iowa Mut. Ins. Co., 2005 S.D. 29, ¶ 16, 694 N.W.2d 238, 244 (citing Phen, 2003 S.D. 133, ¶ 6, 672 N.W.2d 52, 54). But that public policy is not specifically expressed and only the Legislature can clarify the statutes.

. This Court has repeatedly voided other policy terms and conditions excluding or limiting uninsured motorist coverage. See, e.g., Westphal v. Amco Ins. Co., 87 S.D. 404, 408-11, 209 N.W.2d 555, 557-59 (1973) (holding that an "other insurance” exclusion in the policy’s uninsured motorist coverage was void as against public policy); Clark v. Regent Ins. Co., 270 N.W.2d 26, 31 (S.D.1978) (holding that the physical contact rule in “phantom car” situations was contrary to the purpose of uninsured motorist coverage statutes); Nat’l Farmers Union Prop. & Cas. Co. v. Bang, 516 N.W.2d 313, 320-21 (S.D.1994) (determining that a set-off provision for worker’s compensation benefits in the policy’s uninsured motorist coverage was void and contrary to public policy); Isaac v. State Farm Mut. Auto. Ins. Co., 522 N.W.2d 752, 757 (S.D.1994) (holding that a set-off provision in the policy’s uninsured motorist coverage was void and unenforceable as against public policy); Phen v. Progressive N. Ins. Co., 2003 S.D. 133, ¶ 21, 672 N.W.2d 52, 58 (stating that if the Legislature had "determined that ‘other insurance' [exclusions] were in accord with public policy ..., it clearly could have addressed the issue in one of the numerous changes and additions to the uninsured and underinsured motorist [coverage] statutes”).

. In 1986, the Legislature codified the result in Cunningham, 90 S.D. 530, 243 N.W.2d 172. See SDCL 58-11-9.8.

. The term "stacking” in insurance law has varying definitions, but it generally arises:
where the same claimant and the same loss are covered under multiple policies, or under multiple coverages contained in a single policy, and the amount available under one policy is inadequate to satisfy the damages alleged or awarded. In essence, stacking describes the phenomenon of insureds or claimants against them adding all available policies together to create a greater pool in order to satisfy their actual loss.
Phen, 2003 S.D. 133, ¶ 9, 672 N.W.2d at 55 (quoting 12 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 169:4 (3d ed.1999)).